IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLE STEEL, INC., an Idaho Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOUTHERN STEEL CO., LLC, a North ) <br> Carolina Limited Liability Company, and ) <br> IRELAND BANK, an Idaho Corporation, ) <br> ) <br> Defendants. ) <br> _____) | Case No. CV-05-261-E-BLW <br><br> CASE MANAGEMENT <br> ORDER AND REFERRAL <br> TO MAGISTRATE JUDGE <br> Track: (**Standard**) |

In accordance with the agreements reached in the telephone status conference held between counsel and the Court on **August 9, 2005**, and to further the efficient administration of this matter,

NOW THEREFORE IT IS HEREBY ORDERED, that the following recitation of deadlines and procedures shall govern this litigation:

1. Dispositive Motion Deadline: All dispositive motions shall be filed by **June 30, 2006**.[1]

---

[1] It is this Court's policy to accept only *one (1) motion to dismiss and one summary judgment motion* per party. If it appears, due to the complexity or numerosity of issues presented, that counsel is unable to address all issues within the twenty-page (20) limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an over-

**Case Management Order -- 1**

      a.      This is the critical event for case management and will dictate when the trial will be set.

      b.      As provided below, a trial setting conference will be scheduled immediately following resolution of all dispositive motions. To facilitate a prompt trial setting, the Court will make every effort to schedule oral argument within 60 days and issue a decision within 30 days after the oral argument. If a decision is not issued within this time frame, the Court will invite inquiry from counsel as to the status of the decision.

2.    <u>Amendment of Pleadings and Joinder of Parties</u>: All motions to amend pleadings and join parties, except for allegations of punitive damages, shall be filed on or before **November 7, 2005**. This deadline shall only be extended for good cause shown.[2] All parties are entitled to know the claims and parties well-before trial rather than be forced to pursue or defend against a moving

---

length brief, rather than filing separate motions for each issue. The Court prefers reviewing one over-length brief in support, one over-length brief in response, and one 10-page reply brief, if any, rather than the panoply of briefs that are generated when *multiple motions are filed*.

    [2] The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed, not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992).

**Case Management Order -- 2**

target. Although this deadline precedes the general discovery deadline, the parties are directed to send out all discovery requests that might relate to amendment or joinder enough in advance of this amendment and joinder deadline to obtain the responses needed to make an informed decision on amendment and joinder.

3. <u>Alternative Dispute Resolution Plan</u>: The parties will file an ADR Plan by **November 7, 2005**. The ADR Plan must indicate the form of ADR that will be utilized and the date on which it will be conducted. **<u>Once the settlement conference or mediation is scheduled, it shall only be vacated by Judge Winmill</u>**.

   a. If the parties fail to file an ADR Plan by the date specified, the Court will schedule an ADR Conference at which all parties must be present and accompanied by their client or, in the case of a corporation or insurance company, a representative who has primary responsibility for the litigation. At the ADR Conference, counsel will be required to verify that they have fully discussed the merits of ADR with their client and explain to the Court why they and their client have concluded that ADR is not appropriate for this case.

4. <u>Discovery Plan</u>: **<u>Initial disclosures within thirty (30) days following</u>**

**Case Management Order -- 3**

**the court's decision on defendant Southern Steel's Motion to Dismiss.  No unusual circumstances requiring modification of the otherwise applicable discovery rules**.

5. <u>Completion of Discovery</u>:  All discovery will be completed by **May 31, 2006**.  This is a deadline for the <u>completion</u> of all discovery; it is not a deadline for discovery <u>requests</u>.  Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date.  The parties may, by stipulation, agree to defer some trial-related discovery, such as discovery related to damages issue, until after the Court has ruled on any dispositive issues.

6. <u>Disclosure of Experts</u>:

   a. The Plaintiff shall disclose the experts intended to be called at trial on or before **February 28, 2006**.

   b. The Defendant shall disclose the experts intended to be called at trial on or before **March 31, 2006**.

   c. All rebuttal experts shall be identified on or before **April 28, 2006**.

7. <u>Rules Governing Disclosure of Expert Witnesses</u>:  Within the deadlines for the disclosure of expert witnesses set out above, the parties shall also provide – for each expert disclosed – the report described in Fed.

**Case Management Order -- 4**

R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b). Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1). Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition. This includes rebuttal experts. No undisclosed expert rebuttal opinion testimony will be allowed at trial.

8. <u>Scheduling of Trial and Pretrial Conference</u>. Plaintiff's counsel shall contact the Court's staff within one week following the entry of a decision on all pending dispositive motion to make arrangements for a telephone scheduling conference between counsel and the Court's staff in which the trial and pretrial conference shall be set. If no dispositive motion is filed, Plaintiff's counsel shall immediately contact the Court's staff within one week of the dispositive motion filing deadline to set a telephone scheduling conference.

9. <u>Referral to Magistrate Judge:</u> This case is referred to **Chief United States Magistrate Judge Larry M. Boyle** for resolution of all discovery disputes and all non-dispositive motions. **Any motion that alters the schedule of the dispositive motion deadline shall remain**

**Case Management Order -- 5**

    **with Judge Winmill.**

10. <u>Law Clerk</u>:  If counsel has a procedural or legal question that needs to be brought to the Judge's attention, please contact Jeff Severson, the law clerk assigned to this case at (208) 334-9027.

11. <u>Calendaring Clerk</u>:  With regard to any scheduling matters or calendar issues, please contact my deputy clerk, LaDonna Garcia at (208) 334-9021.

DATED:  **August 9, 2005**

B. LYNN WINMILL  
Chief Judge  
United States District Court